IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES A. BIERBACH,** | : | **CIVIL ACTION NO. 1:07-CV-0072** |
| Appellant | : | (Judge Conner) |
| v. | : | |
| **CONNIE WAGNER,** | : | |
| Appellee | : | |

## MEMORANDUM

Presently before the court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Pennsylvania granting summary judgment in favor of appellee, Connie Wagner ("Wagner"), on the preference action filed by appellant, Charles A. Bierbach ("Bierbach"). For the reasons that follow, the court will affirm the decision of the bankruptcy court.

**I.   Statement of Facts**

Debtor James R. Fry ("Fry") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 18, 2004. (Doc. 2-2 ¶ 1; Doc. 2-3 ¶ 1.) Fry's petition revealed that prior to filing bankruptcy, he made regular monthly payments of $865.00 to M&T Bank in satisfaction of a business debt. (Doc. 2-2 ¶ 3; Doc. 2-3 ¶ 3; Doc. 2-6 at 9.) The loan payments were made "by an automatic withdrawal from Mr. Fry's M&T Bank account on the same day of each month." (Doc. 2-6 ¶ 12.) In total, Fry paid $10,380.00 to M&T Bank in the year prior to his bankruptcy filing. (Doc. 2-2 ¶ 6; Doc. 2-3 ¶ 6.) Fry's debt was secured by property owned by Wagner,

who is currently Fry's fiancée.[1]  (Doc. 2-2 ¶ 5; Doc. 2-3 ¶ 5.)  According to Wagner, she voluntarily pledged her real estate as collateral for Fry's debt and "had no intention of ever bringing any action against Mr. Fry if he would default."  (Doc. 2-6 at 8.)  Wagner characterizes her pledge as a gift and says she received no consideration for it.  (Id.)  Wagner also testified that she and Fry have never maintained joint bank accounts, commingled their assets, or counseled each other regarding business or financial affairs.[2]  (Id. at 7.)

Bierbach was appointed trustee of Fry's bankruptcy estate on October 25, 2004.  (Doc. 2-2 ¶ 2; Doc. 2-3 ¶ 2.)  On March 31, 2005, Bierbach filed a complaint to recover the $10,380.00 paid to M&T Bank, alleging that the payments constituted a preferential transfer for the benefit of Wagner and should be returned to the bankruptcy estate.  (See Doc. 2-2.)  The parties filed cross-motions for summary judgment.  (See Docs. 2-4, 2-6.)  In her motion for summary judgment, Wagner alleged that the payments to M&T Bank were not subject to recapture by the bankruptcy estate because the payments were either:  (1) non-preferential transfers because Wagner was neither a creditor of Fry's nor an "insider" as defined by the Bankruptcy Code, or (2) preferential transfers that were exempt from recapture because they had been made "in the ordinary course of the business and affairs of

---

[1] At the time Wagner pledged her property as collateral, Wagner and Fry were "merely good friends."  (Doc. 2-6 at 7.)

[2] Wagner and Fry were at one time co-owners of a haunted house business, which has since ceased operations.  (Doc. 2-8 ¶ 8; Doc. 2-13 ¶ 3.)  The proceeds of the M&T Bank loan were not used for the haunted house business.  (Doc. 2-13 ¶ 3.)

both the Bank and Mr. Fry." (Doc. 2-6 ¶¶ 6, 8, 14.) On October 15, 2005, the parties agreed to submit their preference action to the bankruptcy court for decision based upon all documents of record. (Doc. 2-15.) On December 8, 2006, the bankruptcy court entered judgment in favor of Wagner and against Bierbach. (Doc. 2-17.)

On January 16, 2007, Bierbach timely filed a notice of appeal from the decision of the bankruptcy court. (Doc. 1.) The appellate issues have been fully briefed and are ripe for disposition.

## II. Standard of Review

An appeal from an order of a bankruptcy court places the district court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the bankruptcy judge. In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); see also FED. R. BANKR. P. 8013 (stating that district court may affirm the order of the bankruptcy court or remand any portion of its decision "with instructions for further proceedings"). The factual findings of the bankruptcy court should not be overturned unless "clearly erroneous," but the lower court's resolution of legal issues receives plenary review. Sharon Steel, 871 F.2d at 1222. The district court should overrule issues committed to the discretion of the bankruptcy judge only if a manifest abuse of that discretion is apparent. Id.

The grant of discretion fundamentally alters the nature of appellate review. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 438-39 (1996). When reviewing a lower court's application of mandatory provisions, the appellate court's focus is on the final decision, and the court may affirm a logically unsound decision

so long as the result is correct.  See J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 58 (1940) ("Where the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action.").  In contrast, discretionary provisions place the authority to decide whether the final decision is "correct" in the hands of the lower court.  See Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).  The appellate tribunal serves only to ensure that discretion was exercised rationally, that all relevant factors were considered, and that no clear analytical error was made.  Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000).  The focus is on the means, not the end.  A manifest abuse will generally be found only when the lower court failed either to comprehend the nature of its discretion or to employ it reasonably.  See Cleary ex rel. Cleary v. Waldman, 167 F.3d 801, 804 (3d Cir. 1999); Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981).

## III.  Discussion

To promote equality of distribution among creditors, section 547(b) of the Bankruptcy Code provides trustees with the power to recover certain preferential transfers for the benefit of the bankruptcy estate.  See generally Union Bank v. Wolas, 502 U.S. 151, 161 (1991).  In general, preferential transfers may be recovered only if they were made within ninety days of a bankruptcy filing.  However,

transfers made to "insiders" may be recovered if they were made within one year of a bankruptcy filing.[3] See 11 U.S.C. § 547(b)(4).

In the action *sub judice*, Bierbach alleges that he is authorized to recover the $10,380.00 paid to M&T Bank in the year preceding Fry's bankruptcy filing because such payments were made for the benefit of Wagner, an insider. Section 547(b) permits a trustee to recover payments made by the debtor:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if - -
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

---

[3] The Bankruptcy Code defines the term "insider" to include individuals who are related to the debtor by marriage or by blood. See 11 U.S.C. §§ 101(31)(A)(I), 101(45). However, the term "insider" has been extended beyond this statutory definition to include anyone "who has such a relationship with the debtor that their dealing with one another cannot be characterized as an arms-length transaction." Matter of Montanino, 15 B.R. 307, 310 (Bankr. N.J. 1981); see also In re Ingleside Assocs., 136 B.R. 955, 961 (Bankr. E.D. Pa. 1992).

11 U.S.C. § 547(b). The trustee bears the burden of proving all five of these elements. 11 U.S.C. § 547(g).[4]

Once the trustee establishes these elements, the burden shifts to the party from whom recovery is sought to establish one of the seven defenses enumerated in section 547(c). See 11 U.S.C. §§ 547(c), (g). One such defense is the ordinary course of business exception, which is designed "to leave undisturbed normal financial relations between a debtor and its creditors." In re First Jersey Secs., Inc., 180 F.3d 504, 512 (3d Cir. 1999). The ordinary course of business defense is set forth in section 547(c)(2), which states:

> The trustee may not avoid . . . a transfer . . . to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was - -
>     (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>     (B) made according to ordinary business terms[.]

11 U.S.C. § 547(c)(2). In other words, the party from whom recovery is sought must establish that: (1) the debt was typical of those that existed between the parties, (2) the corresponding payment was typical of the debtor's payment history, and (3) the payments "were objectively ordinary for the Industry." In re Waccamaw's Homeplace, 325 B.R. 524, 531 (Bankr. D. Del. 2005). In making these

---

[4] To the extent that a transfer is avoided under section 547(b), the trustee may recover the transferred property from "the initial transferee" or from "the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1). Consequently, if Fry's bankruptcy estate were entitled to recover the transferred property, the property could be recovered from M&T Bank or from Wagner.

6

determinations, factors such as the timing of the transaction and "the amount and manner in which [the] transaction was paid" are considered relevant. First Jersey, 180 F.3d at 512.

In the action *sub judice*, Wagner argues that even assuming Fry's payments to M&T Bank constituted a preferential transfer to an insider, the ordinary course defense shields such payments from recovery. (Doc. 5 at 6-10.) Bierbach concedes that the payments were made in the ordinary course of business between Fry and M&T Bank.[5] (Doc. 4 at 6.) However, Bierbach asserts that the ordinary course defense does not extend to insiders like Wagner. (Id.) The court finds no authority to support Bierbach's proposition. To the contrary, our sister court in the Eastern District of Pennsylvania has stated that "there is no statutory basis to deny the defenses of section 547(c) to *any* defendant in a preference litigation." In re Marilyn Steinberg Enterprises, 141 B.R. 587, 597 (Bankr. E.D. Pa. 1992) (emphasis added); see also Houston Heavy Equip. Co. v. Gould, 198 B.R. 693, 696 (S.D. Tex. 1996) ("A trustee may not avoid a transfer in the ordinary course of business of the debtor and the transferee *even if insiders are involved*." (emphasis added)). Accordingly, the

---

[5] Even absent Bierbach's concession, there is overwhelming evidence that the payments were made in the ordinary course of business. Fry made the payments on the same day of each month in standard increments of $865.00 via automatic withdrawal from his bank account. See First Jersey, 180 F.3d at 512 (finding timing, amount, and manner of payment to be factors in ordinary course determination). The court finds no evidence that Fry ever deviated from this ordinary business relationship with M&T Bank.

ordinary course defense shields Fry's payments to M&T Bank from recovery by the bankruptcy estate.[6]

## IV.     Conclusion

For the reasons set forth above, this court will affirm the December 8, 2006 decision of the bankruptcy court.

An appropriate order will issue.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     April 4, 2007

---

[6] Having reached this conclusion, the court need not address the antecedent question of whether the payments constituted a preferential transfer pursuant to section 547(b).  See 11 U.S.C. § 547(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES A. BIERBACH,** | : | **CIVIL ACTION NO. 1:07-CV-0072** |
| Appellant | : | (Judge Conner) |
| v. | : | |
| **CONNIE WAGNER,** | : | |
| Appellee | : | |

## ORDER

AND NOW, this 4th day of April, 2007, upon consideration of the bankruptcy appeal filed by Appellant (Doc. 1), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the December 8, 2006 order of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Petition No. 1:04-BK-6267 is AFFIRMED.  The Clerk of Court is directed to CLOSE this appeal.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge